IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN RAY WARREN § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-06-CV-1529-M |
| NATHANIEL QUARTERMAN, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Steven Ray Warren, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner was convicted of aggravated robbery and sentenced to 35 years confinement. His conviction and sentence were affirmed on direct appeal. *Warren v. State*, No. 11-01-00229-CR, 2003 WL 22411657 (Tex. App.-- Eastland, Oct. 23, 2003, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Warren*, No. WR-64,726-01 (Tex. Crim. App. Jul. 26, 2006). Petitioner then filed this action in federal court.[1]

---

[1] Petitioner originally filed this action in the Corpus Christi Division of the Southern District of Texas. Because petitioner was convicted in Dallas County, Texas, the case was transferred to the Dallas Division of the Northern District of Texas. *Warren v. Quarterman*, No. C-06-361 (S.D. Tex. Aug. 21, 2006), *citing* 28 U.S.C. § 2241(d).

II.

Petitioner raises three broad issues in six grounds for relief. Succinctly stated, petitioner contends that: (1) the evidence was legally and factually insufficient to support his conviction; (2) the indictment and jury charge did not authorize a conviction under the law of parties; and (3) he received ineffective assistance of counsel.

By order dated September 5, 2006, the court *sua sponte* questioned whether this case was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner addressed the limitations issue in a written reply filed on November 3, 2006. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction relief or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 35 years in prison for aggravated robbery. The court of appeals affirmed his conviction on October 23, 2003. The Texas Court of Criminal Appeals refused a petition for discretionary review on October 6, 2004. Therefore, petitioner's conviction became final 90 days thereafter on January 4, 2005, when the deadline for filing a petition for writ of certiorari expired. *See* S.Ct. R. 13.1 (90-day deadline for filing petition for writ of certiorari to United States Supreme Court). Petitioner filed an application for state post-conviction relief on February 22, 2006. The application was denied on July 26, 2006. Petitioner filed the instant case on August 14, 2006.

The AEDPA statute of limitations started to run on January 4, 2005, when petitioner's conviction became final. *See* 28 U.S.C. § 2254(d)(1)(A). Yet petitioner did not seek post-conviction relief in state or federal court until February 22, 2006--more than one year later. In an attempt to excuse this delay, petitioner first argues that he is not in possession of the mandate affirming his conviction and is unaware of the date the mandate was issued by the court of appeals. However, under the AEDPA, a state conviction becomes final when the time for seeking direct review expires, *regardless of when mandate issues*. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003). Petitioner's right to seek direct review of his criminal conviction expired on January 4, 2005--90 days after the Texas Court of Criminal Appeals refused discretionary review. Whether or when the court

of appeals issued its mandate is irrelevant for limitations purposes.

Alternatively, petitioner contends that the AEDPA statute of limitations should be tolled until March 13, 2005--the date he learned that his PDR had been denied. Equitable tolling is warranted "where the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1564 (2000), *quoting Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). The Fifth Circuit has held a substantial delay of several months in receiving notice of the denial of a state appeal could qualify for equitable tolling if the petitioner "pursued the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *reh'g granted on other grounds*, 223 F.3d 797 (5th Cir. 2000). In this case, petitioner waited 346 days after learning that his PDR had been denied to file a state writ. This unexcused delay suggests that petitioner did not diligently pursue his state post-conviction remedies and justifies rejecting his equitable tolling argument outright. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1834 (2000) (petitioner who waited almost one year to file state writ not entitled to equitable tolling); *Gray v. Dretke*, Nos. 3-04-CV-2295-P & 3-04-CV-2303-P, 2005 WL 1133860 at *4 (N.D. Tex. May 10, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 1630030 (N.D. Tex. Jul. 7, 2005) (same); *Selvage v. Johnson*, No. 2-00-CV-0114-J, 2001 WL 194748 at *3 & n.5 (N.D. Tex. Feb. 23, 2001) (same).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after

being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  November 6, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE